HORATIO M. POLLOCK, Appellant.

*Matter of Beach*, 139 App. Div. 922, appeal dismissed.
(Argued April 25, 1911; decided May 9, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 26, 1910, which affirmed an order of Special Term denying a motion to vacate an order for the examination of the appellant herein as an expected party to an action.

*Andrew J. Nellis* and *Walter E. Ward* for appellant.

*J. S. Frost* for respondent.

While we are of the opinion that the order sought to be reviewed was made without authority, we are also of the opinion that it is not a final order in a special proceeding and subject to appeal to this court, but that its validity may be tested by the appellant when any attempt is made to punish him for failing to comply with the order. (*Matter of Strong* v. *Randall*, 177 N. Y. 400.) The appeal, therefore, is dismissed, but, under the circumstances, without costs; no opinion.

Concur: CULLEN, Ch. J., VANN, WERNER, HISCOCK and COLLIN, JJ.; HAIGHT, J., concurs only in the dismissal of the appeal. Absent: GRAY, J.

---

WILLIAM LEVY, Appellant, v. EDWARD POPPER et al., Respondents.

*Levy* v. *Popper*, 134 App. Div. 963, modified.
(Argued May 4, 1911; decided May 16, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered November 11, 1909, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term in an action for an accounting and to recover damages for an alleged illegal sale of plaintiff's stocks.

*John R. Dos Passos* and *Leon Kronfeld* for appellant.

*Daniel P. Hays* for respondents.

*Per Curiam.* Upon the merits we have reached the conclusion that the issues joined in the pleadings have been properly determined. But it appears that through some oversight the amount conceded to be due and owing the plaintiff, to wit, the sum of $1,709.54, which was tendered to him by the defendants before this action was brought, was not included in the judgment. In view of the fact that this was an equity action and is a final adjudication of the differences existing between the plaintiff and the defendants the item should have been included in the judgment, unless it appeared that the amount had been paid into court or the tender kept alive. The respondents' counsel, upon the argument of this appeal, consented that the item might now be included. This correction, however, could have been made on motion at the Special Term without the expense of an appeal upon a case and exceptions. We, therefore, are of the opinion that the modification ordered should not affect the question of costs.

The judgment should be modified so as to allow the plaintiff to recover the amount tendered, to wit, $1,709.54, and as so modified affirmed, with costs to the respondents.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment accordingly.